# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

vs) **No. 12-0571** (Mercer County 11-F-167)

**Larry Butterworth,**
**Defendant Below, Petitioner**

**FILED**

**June 28, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Larry Butterworth's appeal, filed by counsel Phillip Scantlebury, arises from the Circuit Court of Mercer County, wherein petitioner was convicted of the misdemeanor offense of obtaining money by false pretenses. Following this conviction, petitioner was sentenced to five years of probation in lieu of one year in jail by order entered on April 3, 2012. The State, by counsel Scott E. Johnson, filed a response in favor of affirming petitioner's conviction.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2012, petitioner was convicted, by jury, of the misdemeanor offense of obtaining money by false pretenses. In April of 2012, the circuit court ordered petitioner to serve five years of probation in lieu of his original sentence, which was a year in jail. Following this sentence, petitioner filed this appeal.

First, petitioner argues that the State failed to previously disclose two items it tendered as evidence admitted at trial: (1) a letter from the alleged victim to petitioner that was dated November 27, 2010; and (2) certain cell phone text messages between petitioner and the alleged victim. Petitioner argues that because neither item was previously disclosed to petitioner before trial, the State violated Rule 16 of the West Virginia Rules of Criminal Procedure. Petitioner argues that, pursuant to *State v. Johnson*, 179 W.Va. 619, 371 S.E.2d 340 (1988), the admission of both pieces of evidence prejudiced petitioner's case because it hampered his ability to prepare and present an adequate cross-examination on these issues.

We analyze evidentiary rulings under the following standard of review:

> The West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admission of evidence . . . are committed to the discretion of the trial court. Absent a few

exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.

*State v. Swims*, 212 W.Va. 263, 269-70, 569 S.E.2d 784, 790-91 (2002) (quoting Syl. Pt. 9 of *Tudor v. Charleston Area Med. Ctr., Inc.*, 203 W.Va. 111, 506 S.E.2d 554 (1997)). Upon our review, we find no abuse of discretion by the circuit court to warrant reversal. The record indicates that petitioner argued that another letter that was dated November 26, 2010, was the only one he received in discovery. The State explained that it planned to admit the November 27, 2010, letter, and not the November 26, 2010, letter. In response, petitioner asserted that he would admit the November 26, 2010, letter, to which the State had no objection. This discussion concluded with the circuit court inquiring, "So, is that all settled . . . [to your] satisfaction?" Both parties responded in the affirmative and the trial proceeded. Accordingly, we find that petitioner expressly waived his objection to the letter at issue here.

We also find no abuse of discretion by the circuit court with regard to the admission of certain cell phone text messages that were not previously disclosed. Generally,

> [A]ll courts agree that the rule [Rule 16 of the West Virginia Rules of Criminal Procedure] 'gives the [trial] court broad discretion in deciding what should then be done . . . The threshold inquiry is to "take into account the reasons why disclosure was not made, the extent of the prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by a continuance [or recess if the trial has begun], and any other relevant circumstances." Some courts have added that consideration should be given to "whether the prosecution acted in bad faith in violating the . . . discovery order."

*Johnson*, 179 W.Va. at 625, 371 S.E.2d at 346 (internal citations omitted). Our review indicates that, after petitioner objected to the admission of certain text messages during the State's re-direct examination of the victim, the circuit court held a recess for petitioner's counsel to review this evidence. After the recess, the trial proceeded without further objection to this evidence and petitioner's counsel chose not to re-cross-examine the victim. We therefore find that any prejudice was rectified by petitioner's opportunity to review the evidence during recess, and the opportunity for petitioner to cross-examine the witness concerning this evidence.

Second, petitioner argues that the circuit court erred in admitting Rule 404(b) evidence without performing a proper analysis. Petitioner challenges the admissibility of State's Exhibit No. 24, which was a copy of the criminal complaint filed against petitioner for a 2005 charge of obtaining money by false pretenses. This criminal complaint was ultimately resolved by petitioner's guilty plea. In reviewing this assignment of error, we bear in mind the following:

> The standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an

2

abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*State v. LaRock*, 196 W.Va. 294, 310, 470 S.E.2d 613, 629 (1996).

After conducting a hearing on the Rule 404(b) motion, the circuit court found that this evidence was admissible. Although the circuit court did not provide an articulate analysis for admitting the prior conviction, our review indicates that any error in this regard is harmless. The State sought to admit petitioner's prior conviction in order to prove petitioner's intent and common scheme or plan in the instant case. The prior conviction was not too remote in time to the instant case, and the facts of that crime show that petitioner executed his actions similarly in this case. Our review of the record reveals the relevance and apparent purposes for offering this evidence under Rule 404(b) and, accordingly, any error in this regard is harmless error. *See State v. LaRock*, 196 W.Va. at 312 n.28, 470 S.E.2d at 631 n.28. ("Although we believe the trial court failed to articulate precisely the purpose of this evidence under Rule 404(b), this failure is subject to harmless error analysis . . . . Our reading of the entire transcript reveals the relevance and apparent purposes for offering this evidence under Rule 404(b).") Furthermore, the circuit court gave a limiting instruction to the jury concerning the limited purpose of this evidence.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II